

FILED

99 FEB -3 PM 2: 55

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNDERSEAS BREATHING SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil No. 98-2705-CIV-T-23(B) |
| v. | )<br>)<br>) |
| BILL JACKSON, INC. et al. | )<br>) |
| Defendants. | ) |

## ANSWER, AFFIRMATIVE DEFENSES AND
## COUNTERCLAIM OF DEFENDANT BILL JACKSON, INC.

Defendant, Bill Jackson, Inc. (hereinafter "Jackson"), through its undersigned trial counsel, hereby responds to the numbered allegations contained in the complaint as follows:

1. No knowledge and therefore denied.

2. Admitted that Jackson is a Florida corporation with its principal place of business in the Middle District of Florida. Denied that Jackson conducted the acts alleged.

3. No knowledge and therefore denied.

4. No knowledge and therefore denied.

5. No knowledge and therefore denied.

6. No knowledge and therefore denied.

7. Denied.

8. Admitted.

9. No knowledge and therefore denied.

10. Denied.



11. Denied.

12. No knowledge and therefore denied.

**WHEREFORE**, Defendant Jackson prays the court will deny plaintiff all requested relief.

## AFFIRMATIVE DEFENSES

1. The the allegations of infringement of U.S. Patent No. 5,846,291 patent (hereinafter the '291 patent) are so vague and ambiguous that Defendant can not reasonably be required to frame a response. Notwithstanding the vague and ambiguous allegations of patent infringement, the acts of defendant Jackson as alleged in the complaint do not infringe the claims of '291 patent.

2. Plaintiff is estopped from asserting that any method utilized or article of manufacture used by defendant Jackson infringes any claim of the '291 patent by reason of the proceedings in the U.S. Patent & Trademark Office during prosecution of the application that matured into the '291 patent.

3. Each claim of the '291 patent is invalid because of Plaintiff's failure to satisfy the conditions for patentability and to comply with the requirements specified in 35 USC §§ 102, 103 and/or 112.

**WHEREFORE**, Defendant Jackson prays that Plaintiff be denied all relief requested, that the court issue an order that the '291 patent is invalid and unenforceable and that defendant Jackson be awarded a reasonable attorney's fee, costs of the action and any other relief the court deems just.

## COUNTERCLAIM FOR DECLARATION OF
## NON-INFRINGEMENT AND INVALIDITY OF THE '291 PATENT

Defendant/Counter claimant Jackson alleges as its counterclaim:

1. Defendant incorporates by reference the allegations contained in paragraph 1 of plaintiff's complaint as if fully set forth herein.

2. This Court has jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1338, 1367, and 2201, in that the counterclaim for declaratory relief asserts a substantial federal claim for a patent controversy under the Patent Statutes, 35 United States Code, in that the counterclaim relates to the same case or controversy and is joined with as a response to Plaintiff's Complaint.

3. Venue is proper in the Middle District of Florida pursuant 28 U.S.C. 1391(b) where Plaintiff/Counter defendant does business, and where Plaintiff/Counter defendant has brought this civil action.

4. Upon information and belief, other parties known to Plaintiff/Counter defendant have used, since at least as early as 1993, an apparatus for generating oxygen enriched air incorporating the structure recited in the asserted apparatus claims of Plaintiff's '291 patent.

5. Upon information and belief, parties known to Plaintiff/Counter defendant have, since at least as early as 1993, employed a method for generating oxygen enriched air in the manner recited in the method claims of Plaintiff's '291 patent.

6. Upon information and belief, the patentee and assignor to Plaintiff/Counter defendant of the '291 patent was aware from a date prior to the date of filing of the application leading to issuance of the '291 patent that said assignor did not himself invent the subject matter sought to be patented.

3

7.  For the reasons set forth in Jackson's affirmative defenses, the '291 patent is invalid and/or unenforceable.

Respectfully submitted:

*[signature]*

Herbert W. Larson, Esq.. Fla Bar No. 507903
H. William Larson, Esq., Fla Bar No. 969930
Larson & Larson, P.A.
11199 - 69th Street North
Largo, Florida 33773
Telephone No. (727) 546-0660
Facsimile No. (727) 545-1595
Trial Counsel for Bill Jackson, Inc.

### Certificate of Service

I hereby certify that a copy of the foregoing has been furnished upon the following via first class mail, postage prepaid, this February 2, 1999:

Herbert Allen, Esq.
Allen, Dyer et al.
P.O. Box 3791
Orlando, FL 32802-3791
Trial Counsel for Plaintiff

*[signature]*

H. William Larson, Esq.

4